SCHEER LAW GROUP, LLP
SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILY D. WILKINSON #250086
JONATHAN SEIGEL #168224
155 N. Redwood Drive, Suite 100
San Rafael, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
A.220-002S

Attorneys for Secured Creditor
ADVANCE CONSTRUCTION TECHNOLOGY, INC.

UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | Bk. No. 08-47156-LJT |
| MACARTHUR HEIGHTS HOMEOWNERS' ASSOCIATION, | Chapter 11 |
| Debtor. | DECLARATION OF OMAR HINDIYEH IN SUPPORT OF OPPOSITION TO OBJECTION TO CLAIM |
| | Hearing-<br>Date: **Hearing Requested**<br>Time:<br>Place: |

I, OMAR HINDIYEH, declare and state:

1. I am the Owner of CMA Consulting ("CMA"). CMA is a construction project management service company. I am also an individual consultant who assists individuals and entities in obtaining qualified contractors to affect construction projects. I have extensive experience in the construction industry and have managed hundreds construction projects. A copy of my resume evidencing my experience is attached hereto as Exhibit "A."

2. MacArthur Heights Homeowners Association ("Debtor") hired CMA to act as project manager to oversee a reconstruction project ("Project") at a 56 unit condominium complex located at Anair Way, Oakland, California 94605. This condominium complex and all individual parcels therein are hereafter referred to as the "Property." Debtor hired CMA to find a qualified contractor for the Project, and to solicit bids from qualified contractors. In addition, once a contractor was approved, CMA was to act as a liaison to oversee the Project management, to administer payments owing to the contractor, and to otherwise follow up on Project related duties for the Debtor. After review of bids by various contractors, ~~I advised the Debtor~~ THE DEBTOR CHOSE to select ACT, as I believed and still believe that they are competent and capable and provided a competitive bid.

3. I personally reviewed the Project construction services provided by ACT to the Debtor related to the Property, during the entire time that ACT provided services to the Debtor. During this entire time, I was not advised by the Debtor or any homeowner of any work quality issues related to the services performed by ACT THAT WERE NOT ADDRESSED TIMELY BY ACT. It is my opinion that ACT did a very good job. Any problems that occurred on this Project resulted from the Debtor's failure to pay ACT. This resulted in cessation of construction efforts and the need for ACT to put in temporary protective measures, i.e. building paper, and shear value support, to provide temporary protection to the units on the Property, after ACT was forced to discontinue work due to non-payment.

4. I understand that the Debtor contends that there were water related defects on units that ACT was reconstructing, and that this was due to the negligence of ACT. I disagree with any such assertion. ACT went above and beyond what many contractors would do in similar circumstances when faced with non-payment over an extended period of time. ACT took every precaution to provide temporary protection to the units from moisture, but the only way that moisture damage could have been avoided on a long term basis, was to construct the

improvements and repairs that were contracted for. This did not occur because ACT did not get paid and because the Debtor did not find another contractor to complete the work.

I declare under penalty of perjury under the Laws of the State of California that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: 5.8.09

_____
OMAR HINDIYEH